# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JERRY V. SMITH, | : |
| Petitioner, | : |
| v. | : Misc. No. 16-79-LPS |
| | : Misc. No. 16-165-LPS |
| INTERNAL REVENUE SERVICE, | : |
| Respondent. | : |

## MEMORANDUM ORDER

At Wilmington this **29th** day of **January, 2018**, having reviewed the petitions filed by Jerry V. Smith ("Petitioner") to quash third-party summons issued by the Internal Revenue Service ("IRS"), as well as the papers filed in connection therewith, **IT IS HEREBY ORDERED** that the petitions to quash (Misc. No. 16-79 D.I. 1; Misc. No. 16-165 D.I. 1) are **DENIED**, for the reasons that follow.

1. Petitioner did not file federal tax returns between at least 2009 and 2015. In order to determine Petitioner's federal tax liability for tax years 2009 through 2014, on February 24, 2016, IRS agent Jeffrey Marino issued an IRS third-party summons to Bank of America for Petitioner's bank records. (Misc. No. 16-79 D.I. 2-1 ¶ 10) On March 11, 2016, Petitioner filed a timely motion to quash. (Misc. No. 16-79 D.I. 1)

2. On May 12, 2016, the IRS issued another third-party summons to Bank of America, this time for Petitioner's bank records relating to tax year 2015. (Misc. No. 16-165 D.I. 3-2 ¶ 10) On June 6, 2016, Petitioner filed a timely motion to quash. (Misc. No. 16-165 D.I. 1)

3. Title 26 of the United States Code section 7601 gives the IRS a mandate to

1

investigate "persons . . . who may be liable" for taxes. To enforce this mandate, the IRS has been given the power to examine records, to issue summonses (to the taxpayer or to a third party), and to take testimony for purposes of (1) ascertaining the correctness of any tax return, (b) making a tax return where none has been made, (c) determining the tax liability of any person, (d) collecting a tax liability, or (e) inquiring into any offense connected with the administration or enforcement of the internal revenue laws. 26 U.S.C. § 7602; *see also Donaldson v. United States*, 400 U.S. 517, 523-524 (1971), *abrogated on other grounds by* 26 U.S.C. § 7609.

  4. Once the legality of a summons is questioned, the burden is on the IRS to demonstrate: (a) the summons was issued for a legitimate purpose; (b) the summons sought information that may be relevant to that purpose; (c) the information sought was not already within the possession of the IRS; and (d) all administrative requirements were met. *See United States v. Clarke*, 134 S. Ct. 2361, 2365 (2014) (citing *United States v. Powell*, 379 U.S. 48, 57-58 (1964)). In addition, there must not have been any criminal referrals to the Department of Justice regarding the taxpayer. *See* 26 U.S.C. § 7602(d); *United States v. Garden State Nat'l Bank*, 607 F.2d 61, 68-69 (3d Cir. 1979).

  5. The record includes two declarations of Agent Marino, which are identical in all material respects, other than that the first declaration relates to the first summons (*see* Misc. No. 16-79 D.I. 2-1) while the second declaration relates to the second summons (*see* Misc. No. 16-165 D.I. 3-2)[1]. The issues presented in the two motions are substantively identical, differing only

---

[1]The version of the second declaration contained in the record is unsigned. (*See* Misc. No. 16-165 D.I. 3-2 at page 5 of 5) When it was submitted on July 15, 2016, the government stated: "Counsel has not yet received the original signature page from Agent Marino, but will forward same on receipt." (Misc. No. 16-165 D.I. 3 at 2 n.1) The docket does not indicate that the Court ever received a signed version. This oversight does not prevent the Court from ruling

2

in the tax years concerned. Therefore, the Court addresses both motions together. As explained below, the two declarations satisfy each of the requirements set out above. *See generally Grandup v. United States*, 2015 WL 3507966 (D. Del. June 2, 2015).

    a.    Agent Marino issued the summonses for the legitimate purpose of determining Petitioner's federal tax liability for the years 2009 through 2015. (*See* Misc. No. 16-79 D.I. 2-1 ¶ 11; Misc. No. 16-165 D.I. 3-2 ¶ 11; *see also* 26 U.S.C. § 7602)

    b.    The bank records sought from Bank of America may be relevant to determining Petitioner's tax liability for tax years 2009 through 2015 by, e.g., revealing income, the existence of other income-producing assets, or the existence of other bank accounts owned by petitioner that are currently unknown to the IRS. (*See* Misc. No. 16-79 D.I. 2-1 ¶ 11; Misc. No. 16-165 D.I. 3-2 ¶ 11; *see also United States v. Rockwell Intern.*, 897 F.2d 1255, 1263 (3d Cir. 1990))

    c.    According to Agent Marino's declarations, the requested bank records are not already in the IRS's possession. (Misc. No. 16-79 D.I. 2-1 ¶ 12; Misc. No. 16-165 D.I. 3-2 ¶ 12)

    d.    A third-party summons issued by the IRS may be served by certified or registered mail to the last known address of the summoned party. *See* 26 U.S.C. § 7603(b). Agent Marino complied with the service requirement by sending a copy of the first summons via certified mail to Bank of America, N.A., Legal Order Processing, 800 Samoset Drive,

---

on the motion in the second action. The second declaration is substantively identical to the first declaration, and the Court does have a signed version of the first declaration. (*See* Misc. No. 16-79 D.I. 2-1 at page 4) Fundamentally, the record made by the parties leads to the conclusion that the motion in the second action (like that in the first action) must be denied.

3

DE5-024-02-08, Newark, Delaware, 19713. (*See* Misc. No. 16-79 D.I. 2-1 ¶ 10) The IRS is also required to provide notice of such a third-party summons to the taxpayer. *See* 26 U.S.C. § 7609(a). Agent Marino complied with this notice requirement by contemporaneously sending a copy of the summons to Petitioner via certified mail at his last known address. (*See* Misc. No. 16-79 D.I. 2-1 ¶ 10) Although Agent Marino's second declaration does not specifically indicate how he complied with the service and notice requirements for the second summons, he does declare: "All administrative steps required by the Internal Revenue Code for issuance of a summons have been taken." (Misc. No. 16-165 D.I. 3-2 ¶ 13) Petitioner does not argue to the contrary and the record reveals no basis to doubt that all required administrative steps were taken. In fact, in his motion Petitioner alleges that the second summons was issued to Bank of America (Misc. No. 16-165 D.I. 1 ¶ 2); and it appears Petitioner received a copy on May 16, 2016 (Misc. No. 16-165 D.I. 1-6 at page 1 of 6).

    e.    No summons may be issued or enforced if (i) the IRS has recommended to the Attorney General either a grand jury investigation or the criminal prosecution of a taxpayer, or (ii) the Department of Justice has requested an individual's tax return information from the IRS pursuant to 26 U.S.C. § 6103(h)(3)(B). *See* 26 U.S.C. § 7602(d)(2). Agent Marino declares that there was no Justice Department referral in effect with respect to Petitioner at the time he mailed the first or second summonses. (Misc. No. 16-79 D.I. 2-1 ¶ 14; Misc. No. 16-165 D.I. 3-2 ¶ 14)

    6.    Because the IRS has met its burden to show that the requirements for a valid summons have been met, the burden shifts to Petitioner to show, through particularized factual averments, that the IRS is not acting in good faith or that enforcement of the summons would

4

constitute an abuse of the Court's process. *See Garden State*, 607 F.2d at 71; *Godwin v. United States*, 564 F. Supp. 1209, 1213 (D. Del. 1983). Petitioner has failed to meet his burden.

       7.     Petitioner contends broadly that issuance of IRS summonses "is an act of attempted extortion" and "nothing but an illegal fishing expedition," and further that "the IRS has no authority to demand that my personal documents and records in the possession of Bank of America be turned over to them for any purpose." (*E.g.*, Misc. No. 16-165 D.I. 1 ¶ 3) He further argues that the federal tax system is one of "voluntary compliance," meaning that he is under no obligation to file tax returns, and that if he were required to file tax returns this would violate his right against self-incrimination, protected by the Fifth Amendment to the United States Constitution. (*E.g.*, Misc. No. 16-79 D.I. 3 ¶ B; Misc. No. 16-165 D.I. 1 ¶¶ 3, 5, 7) Petitioner cites no authority to support his contentions. They are frivolous, as indicated by the statutory and judicial authorities cited throughout this Memorandum Order. *See also United States v. Evans*, 356 F. App'x 580, 582 (3d Cir. 2009) ("Evans claimed that no legal authority required him to pay income tax on his wages, [and] the filing of a tax return would violate his Fifth Amendment right against self-incrimination . . . . [T]he District Court found in the Government's favor on summary judgment. . . . Evans appealed, and we affirmed the District Court, noting the clear precedent that explicitly rejects Evans' arguments.").

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to **CLOSE** these cases.

                                                                              HONORABLE LEONARD P. STARK
                                                                              UNITED STATES DISTRICT COURT